**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MATTHEW E. WALLACE,**

        **Plaintiff,**

-vs-                                                **Case No. 6:07-cv-63-Orl-19UAM**

**BOB'S CONCRETE COMPANY, INC.,**
**ROBERT NELLER,**

        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration on the Notice of Filing Settlement Agreement (Doc. No. 31), the Order to Show Cause (Doc. No. 32), and the Response to Order to Show Cause (Doc. No. 33):

      Plaintiff Matthew E. Wallace seeks to hold Defendants Bob's Concrete Company, Inc. and Robert Neller liable for allegedly failing to pay him overtime wages in violation of the Fair Labor and Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"). Wallace worked as a laborer from 1998 to 2000 and as a concrete finisher from 2003 to June 2006 and claims that he regularly worked over forty hours a week and was not paid for the overtime hours he worked. Doc. No. 18. The parties have agreed to settle the case,[1] and now seek approval of their fully-executed "Settlement Agreement

---

[1] Wallace filed his complaint "on his own behalf and others similarly situated." Doc. No. 1. No other plaintiff filed a consent to join this FLSA action, and no other individual was added as a plaintiff. Only Wallace and Defendants entered into the settlement agreement. *See* Doc. No. 29-2.

and General Release" and for dismissal of the case with prejudice. *See* Doc. Nos. 29, 31, 33.[2]

Before the Court may approve the settlement of the FLSA claim, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

In the instant case, Defendants have agreed to pay a total of $11,000. Wallace will receive $6,000 as unpaid overtime wages and liquidated damages, and Plaintiff's counsel will receive $5,000 in attorney's fees and costs. *See* Doc. Nos. 29-2 at 2, 33 at 2. The Court has reviewed the proposed settlement and finds the settlement is a fair and reasonable resolution of a bona fide dispute.[3] The case

---

[2] The parties first filed a "Joint Motion for Approval of the Settlement Agreement" on July 5, 2007, but they did not submit an a copy of the settlement agreement. Doc. No. 26. The Court therefore ordered the parties to submit a fully-executed copy of the agreement (doc. no. 28), but instead of simply filing a copy of the agreement, the parties filed an amended "Joint Motion for Approval of Settlement Agreement" and an executed copy of the settlement agreement as an exhibit to their motion. Doc. No. 29. The motion and the agreement merely stated that Defendants were to pay $11,000 "payable to Shavitz Law Group, P.A." *See* Doc. No. 29-2 at 2.

On July 12, 2007, the Court denied without prejudice the joint motion to file a second amended motion "that explains the allocation of the settlement amount and why the amount to be paid to Plaintiff versus the amount to be paid to Plaintiff's counsel is reasonable" on or before July 30, 2007. Doc. No. 30. The parties never filed the joint motion, and the undersigned issued an order to show cause on August 2, 2007, again, ordering the parties to file a second amended motion, as previously ordered. Doc. No. 32.

Instead of filing a joint motion, as twice ordered, Plaintiff's counsel filed a written response to the order to show cause in which she states the breakdown of the settlement ($6,000 to Wallace and $5,000 to counsel) and asks the Court to approve the settlement agreement. Doc. No. 33. Plaintiff's counsel only provided the breakdown and *not* an explanation of why the breakdown is reasonable. In light of the parties' apparent unwillingness to comply fully with court orders and in the interest of resolving the matter timely, the Court declines to enter another order to show cause, and enters this Report and Recommendation based on the Court's review of the Settlement Agreement and the arguments presented by the parties in the amended joint motion filed at doc. no. 29.

[3] The Settlement Agreement mistakenly refers to this case as "pending in the United States District Court for the Southern District of Florida." *See* Doc. No. 29-2 at 1, ¶ 2(A). The Court makes no findings as to the reasonableness of any case other than the instant case.

involved disputed issues of FLSA coverage, and each party was represented by independent counsel, who were obligated to vigorously represent their client.  Both parties urge this Court to approve the Settlement Agreement, including the amount to be paid to Wallace's counsel in fees and costs.  The Court, therefore, finds it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiff's counsel, and accepts the parties' stipulation as to the reasonableness of the attorneys' fees and costs.

For the reasons stated above, it is therefore

**RECOMMENDED** that Settlement Agreement (Doc. No. 29-2) be **APPROVED**, and the case be dismissed with prejudice.  The Clerk should be directed to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 7, 2007.

*Donald P. Dietrich*
DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Patricia C. Fawsett, Chief Judge
Counsel of Record
Courtroom Deputy